Case 1:21-cv-00143   Document 36   Filed on 02/17/22 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 17, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISAAC DAVID SANCHEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-143 |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 20, 2021, Petitioner Isaac David Sanchez filed a petition for a writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On November 16, 2021, Respondent Bobby Lumpkin ("the State") timely filed a response to the petition. Dkt. No. 17.

After reviewing the record and the relevant case law, it is recommended that Sanchez's petition be denied.

### I. Background

#### A. Factual Background

On direct appeal, the Thirteenth District Court of Appeals of Texas made specific factual findings. Sanchez v. State, 2020 WL 2610799, at *1–2 (Tex. App. May 21, 2020), reconsideration en banc denied (June 15, 2020), petition for discretionary review refused (Sept. 16, 2020). As provided by law, the court sets forth and adopts those findings.[1]  Thus, all of the facts, unless otherwise indicated, are quoted from the state Court of Appeals decision, changing only the formatting.

On March 8, 2015, Sanchez was arrested for driving while intoxicated following a two-vehicle collision that left Sanchez and his passenger hospitalized.

---

[1] Any factual findings made by the state court are "presumed to be correct," unless the petitioner can show "by clear and convincing evidence" that they were incorrect. Norris v. Davis, 826 F.3d 821, 827 (5th Cir. 2016) (citing 28 U.S.C. § 2254(e)(1)).  Sanchez has raised no such challenge. Accordingly, the Court adopts the factual findings of the state court.

### 1. Motion to Suppress

Following indictment, Sanchez filed a motion to suppress the "laboratory reports purporting to analyze and interpret [his] blood alcohol content." At a hearing on Sanchez's motion, he exclusively argued that the arresting officer, Texas Department of Public Safety State Trooper Veronica Casas, lacked probable cause to arrest him.

Casas testified that she was dispatched in response to reports of a two-vehicle collision with resulting injuries. Casas immediately made contact with the driver of one of the two vehicles, who explained that she was traveling southbound when she was struck by a black vehicle headed east. The black vehicle failed to yield the right-of-way to her, and both vehicles "ended up in a ditch."

Casas identified Sanchez as the driver of the black vehicle and observed that Sanchez smelled of alcohol. According to Casas, Sanchez and his passenger "were still trapped inside the vehicle" when she arrived on the scene. Casas said she attempted to speak with the passenger "while EMS was working on getting [Sanchez] out," but the passenger was nonresponsive. Sanchez and his passenger were transported to a nearby hospital.

While speaking with Sanchez at the hospital, Casas noted that she "could still smell the strong odor of alcohol coming from his breath." "I asked [Sanchez] to explain to me what happened and what caused the accident. He stated that he did not remember," testified Casas. Sanchez later denied drinking and driving the vehicle. Casas then interviewed the passenger, who admitted the two men "had a few [drinks]" together and claimed Sanchez had been driving. Sanchez was placed under arrest. After he refused to provide a breath sample, Casas contacted dispatch and was advised that Sanchez had eleven prior arrests and nine prior convictions for driving while intoxicated. Casas thereafter obtained a search warrant for a blood draw.

The trial court denied Sanchez's motion to suppress, and the case proceeded to trial where Casas provided substantially similar testimony.

### 2. Trial

At trial, Casas was questioned for the first time regarding an alleged discrepancy between her testimony and her affidavit application for the blood draw warrant, wherein Casas checked off a box indicating that she had "observed the suspect" "operating a motor vehicle." The State sought to admit Casas's affidavit in support of the search warrant for the blood draw, and Sanchez objected to a specific paragraph, arguing that it contained hearsay. The trial court overruled Sanchez's objection.

Casas maintained that she had not seen Sanchez "driving" and reiterated her prior testimony. Casas additionally stated: (1) upon her arrival, she observed Sanchez unconscious in the driver seat still wearing his seatbelt and noted a "strong odor of alcohol ... emitting from his breath"; (2) she confiscated beer cans from inside the vehicle; (3) she interviewed Sanchez at the hospital where he presented "slurred speech," was "uncooperativ[e]," and denied drinking and driving—after initially admitting to having "drank a six-pack" and driven; (4) the vehicle was registered to Sanchez; and (5) he was identified as the driver by three witnesses, including a bystander who called 9-1-1.[2]

The State presented several other witnesses at trial and admitted Sanchez's blood alcohol laboratory results, which indicated an alcohol concentration of "0.265 grams per 100 milliliters of blood"—more than three times the state's legal limit. See Tex. Penal Code Ann. § 49.01 (defining intoxication as "having an alcohol concentration of 0.08 or more").

During the jury charge conference, Sanchez requested a "38.23" instruction. See Tex. Penal Code Ann. § 38.23(a).[3] Sanchez claimed that Casas obtained a search warrant

---

[2] Crystal Angel Rodriguez, a registered nurse, testified she witnessed the collision and rendered aid. Rodriguez said two men were unconscious in one vehicle, and she "noticed a strong odor of alcohol [f]rom the driver." Rodriguez waited for the ambulance to arrive and testified that at no point did she see the driver or passenger exit the vehicle or attempt to make any movements. Rodriguez could not recall the color of the vehicle occupied by the two unconscious men but noted that the occupants of the other vehicle involved in the collision were mobile. (footnote original).

[3] As relevant here, that statute reads: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue

based on a falsified affidavit, indicating she had observed him "driving" when that was "clearly not true." The trial court summarily denied Sanchez's request without response from the State.

Following a guilty verdict, Sanchez was sentenced by the trial court to forty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[4]

### B. State Direct Appeal

On June 20, 2018, Sanchez filed a notice of direct appeal. Dkt. No. 18-1, p. 147.[5]

Sanchez raised four issues on direct appeal, asserting that: (1) the trial court erred when it denied the motion to suppress because the arresting officer lacked probable cause to conclude that Sanchez was driving the vehicle; (2) the magistrate erred in finding probable cause for the blood draw because the officer falsely represented to the Court that she had witnessed Sanchez operating the vehicle; (3) the trial court erred in denying a request for a jury instruction, regarding the legality blood draw, given the officer's false representation; and (4) the trial court erred when it admitted the search warrant affidavit into evidence over his hearsay objection. Dkt. No. 18-9, p. 980.

On May 21, 2020, the Thirteenth Court of Appeals of Texas affirmed Sanchez's conviction. Sanchez, 2020 WL 2610799, at *4. As to the first issue, it held that the other driver informing the officer that Sanchez was driving was sufficient to establish probable cause. As to the second issue, the appellate court found that it was not properly raised in the trial court and was not preserved for review. As to the third issue, the appellate court found that that Sanchez was not entitled to a jury instruction regarding the blood draw because the officer did not make any false representations. As to the fourth issue, the

---

hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." TEX. CODE. CRIM. PROC. § 38.23(a). (footnote added).

[4] The direct quotation of facts, taken from the Thirteenth District Court of Appeals, ends here.

[5] The page number refers to the Bates-stamped page number on the bottom of each page of the record.

appellate court found that the search warrant affidavit should not have been admitted into evidence, but that any error was harmless because it was cumulative of the officer's testimony at trial.

On August 17, 2020, Sanchez timely filed a petition for discretionary review with the Court of Criminal Appeals. Dkt. No. 18-17, p. 1079. This time, he raised three issues: (1) the appellate court erred when it held that his argument that the magistrate's blood draw warrant lacked probable cause was not preserved for appellate review; (2) the appellate court erred when it held that the introduction of the search warrant affidavit into evidence was harmless error; and (3) the appellate court improperly reviewed the motion to suppress under an abuse-of-discretion standard. Id., at 1082.

On September 16, 2020, the Court of Criminal Appeals "refused" the petition. Dkt. No. 18-19, p. 1116. A "refusal" disposition means that the Texas court declined to consider the case. Sheffield v. State, 650 S.W.2d 813, 814 (Tex. Crim. App. 1983).

Sanchez has not filed a state habeas petition. See Dkt. No. 17-1 (sworn statement from Clerk's Office of the Court of Criminal Appeals that no habeas petition has been filed).

### C. Federal Habeas Proceedings

On September 20, 2021, Sanchez filed his petition in the instant case. Dkt. No. 1. Sanchez raises four claims: (1) the trial court erred when it denied the motion to suppress because there was no probable cause that Sanchez was operating the vehicle; (2) the magistrate's finding of probable cause was in error; (3) the trial court erred when it refused to give a jury instruction regarding illegal evidence; and (4) the trial court erred when it admitted the blood draw search warrant affidavit into evidence over his hearsay objection. Dkt. No. 1.

On November 16, 2021, the State filed a motion for summary judgment. Dkt. No. 17. As to the first and second issue, the State asserts that Fourth Amendment violations are not cognizable on federal habeas review. As to the third issue, it argues that the claim was not presented in the petition for discretionary review, so it is unexhausted. As to the

fourth issue, it argues that the state court's denial of this claim was reasonable and did not result in a denial of fundamental fairness.

On December 22, 2021, Sanchez filed a motion for leave to hold writ in abeyance, or alternatively to dismiss the case without prejudice or permit him to withdraw the unexhausted claim. Dkt. No. 20.

On January 25, 2022, the Court denied the motion to hold the petition in abeyance, but directed that Sanchez have the option to either have the case dismissed without prejudice or to withdraw the unexhausted claim. Dkt. No. 30.

On February 10, 2022, Sanchez informed the Court that he wished to withdraw his claim regarding the jury instruction, given that it was unexhausted, and only proceed as to the three remaining claims. Dkt. No. 34.

On February 17, 2022, the Court considered Sanchez's motion as a motion to amend his petition to withdraw the jury instruction claim and granted the motion. Dkt. No. 35.

## II. Applicable Law

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, 562 U.S. at 102–03 (2011) (internal quotation marks omitted).

### III. Analysis

In analyzing the claims raised by Sanchez, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

7

In this case, even allowing for the latitude due a pro se, this petition is meritless and should be denied.

Sanchez's remaining three claims can be divided into two categories: (1) claims regarding whether the blood draw search warrant was valid and (2) claims regarding the introduction of the blood draw search warrant affidavit into evidence. After a careful review of the record, the Court concludes that Sanchez is not entitled to relief.

**A. Fourth Amendment**

Sanchez asserts that the state trial court should have suppressed the evidence from the blood draw because the officer falsely represented to the magistrate that she had witnessed Sanchez driving the vehicle. He also asserts that the magistrate lacked probable cause to issue such a warrant, given the lack of probable cause. These claims do not entitle him to federal habeas relief.

Federal courts are generally "barred from reviewing Fourth Amendment claims on habeas review." Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002). If the State provides a defendant with "an opportunity for full and fair litigation of a Fourth Amendment claim," then federal courts may not grant habeas relief. Stone v. Powell, 428 U.S. 465, 494 (1976). This rule holds true even if the state courts erroneously denied the Fourth Amendment claims. Swicegood v. State of Ala., 577 F.2d 1322, 1324 (5th Cir. 1978). So long as the defendant was given the opportunity to raise the claims in the state courts, then there is no federal review. See Caver v. State of Ala., 577 F.2d 1188, 1193 (5th Cir. 1978) (holding that it is the availability of state remedies that controls, "whether or not the defendant avails himself of that opportunity").

Sanchez was given the opportunity to attack the validity of the blood draw warrant in the state trial court and in the Thirteenth Circuit Court of Appeals, as well as the ability to present it to the Court of Criminal Appeals. Thus, he was given an opportunity to fully and fairly litigate his claim. This Court is precluded from considering the merits of his claims and relief should be denied.

8

### B. Hearsay Evidence

Sanchez argues that the trial court erred when it admitted the blood draw search warrant affidavit into evidence. Again, this entitles Sanchez to no relief.

"A state court's evidentiary rulings warrant habeas relief only if they are so extreme as to constitute a denial of fundamental fairness, and the wrongfully-admitted evidence must have played a crucial, critical, and highly significant role in the trial." Allen v. Vannoy, 659 F. App'x 792, 810 (5th Cir. 2016) (internal quotation marks omitted) (citing Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998)). The state appellate court held that while the introduction of the affidavit into evidence was in error, it was cumulative of the testimony given by the officer at trial. The Fifth Circuit has concluded that "erroneous introduction of cumulative evidence" is "harmless error" U.S. v. Hall, 500 F.3d 439, 444 (5th Cir. 2007). Sanchez's counsel was given the opportunity to cross-examine the officer about her testimony and the statements in her affidavit. The introduction of the affidavit did not constitute a denial of fundamental fairness and the evidence did not play a highly significant role in the trial. This claim should also be denied.

## IV. Recommendation

It is recommended that Isaac David Sanchez's petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, be denied.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538

(5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir. 2000)). The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Sanchez's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Sanchez's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on February 17, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge