United States District Court
Southern District of Texas
**ENTERED**
May 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISAAC DAVID SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-143 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

Plaintiff Isaac David Sanchez filed a Petition for a Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254.  (Petition, Doc. 1)

Sanchez initially raised four claims, but then withdrew one that was unexhausted in response to the Respondent's summary judgment motion.  As to the remaining claims, the Magistrate Judge recommends that the Respondent's Motion for Summary Judgment be granted and that Sanchez's Petition be denied.  (R&R, Doc. 36)  Sanchez timely objected to the Report and Recommendation.  (Objs., Doc. 43)  As a result, the Court conducts a *de novo* review of the challenged portions of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### I.

In general, Sanchez largely re-urges the arguments he presented to the Magistrate Judge, and which the Report and Recommendation ably and correctly addresses.

First, Sanchez objects that the Magistrate Judge applied the wrong standard of review to determine whether the trial court committed reversible error by admitting a blood draw search warrant affidavit over a hearsay objection.  Sanchez asserts that the correct standard is "'whether there is a "reasonable possibility" that the error might have contributed to the conviction of punishment.'"  (Objs., Doc. 43, 9–10) (quoting *Domm v. State*, No. 01-18-00272-CR, 2019 WL 2376116 (Tex. App.—Houston [1st Dist.] June 6, 2019)).  In making this argument, however,

Sanchez incorrectly seeks to apply the standard of review under Texas law, rather than the appropriate standard of review for a federal habeas claim. The Fifth Circuit has stated that "[a] state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). The Report and Recommendation correctly concludes that the admission of the affidavit into evidence did not constitute a denial of fundamental fairness.

Second, Sanchez restates his Fourth Amendment arguments that the state trial court should have suppressed the evidence from the blood draw because the officer made a false statement in the warrant affidavit and the magistrate lacked probable cause to issue the warrant. Again, Sanchez's objections on this issue seem to stem from a misunderstanding of the context of a federal habeas corpus review, as demonstrated by his reliance on *Franks v. Delaware*, 438 U.S. 154 (1978). Sanchez contends that the Report and Recommendation's analysis runs contrary to *Franks* "and its progeny". (Objs., Doc. 43, 11) The Court disagrees. Although *Franks* also concerned a false statement in a warrant affidavit, that case concerned a direct appeal of the state criminal conviction—not a habeas petition in federal court. As the Report and Recommendation correctly explains, federal courts may not grant habeas relief where the defendant was given "an opportunity for full and fair litigation of a Fourth Amendment claim". *Stone v. Powell*, 428 U.S. 465, 494 (1976). Here, Sanchez was afforded that opportunity. As a result, the Court is precluded from reaching the merits of his Fourth Amendment claims, and he is not entitled to relief.

## II.

The Court **OVERRULES** Sanchez's objections and **ADOPTS** the Report and Recommendation (Doc. 36). It is:

**ORDERED** that Respondent Bobby Lumpkin's Motion for Summary Judgment (Doc. 17) is **GRANTED**; and

**ORDERED** that Isaac David Sanchez's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Sanchez fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly, the Court **DENIES** a Certificate of Appealability.

Signed on May 3, 2022.

Fernando Rodriguez, Jr.
United States District Judge